UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**MEMO ENDORSED**

-------------------------------------------------X  Docket No: 21-cv-04050-KMK

Ariel Dan Barkai                                 :

    Plaintiff,                              :

        - against -                         :

George Mendez, et al.                       :

    Defendants                           :

-------------------------------------------------X

# MOTION TO SUBPOENA EVIDENCE

Ariel Barkai
214 Hilltop Lane
Upper Nyack, NY 10960
Tel: (917) 806-5757

**This Motion to Subpoena Evidence is denied without prejudice. As there is a pending Motion to Dismiss, this Motion is premature.**

**Date: 2/8/2022**

SO ORDERED

_____
KENNETH M. KARAS U.S.D.J.

1

### Introduction

Ariel Barkai, the plaintiff, respectfully submits this Motion to Subpoena Evidence for the production of the time stamped "T-Mobile/Metro PCS Exigent Form" and related time stamped data sheet provided by T-Mobile related to the above titled action.

### Preliminary Statement

Plaintiff requests aforementioned document relating to the alleged NY State Mental Hygiene Action that transpired on April 28th, 2020 in Nanuet, NY that form the basis of facts for the above titled action before this Court. Plaintiff made a FOIL request to Defendants for all relevant information related to the above titled action but no such form was produced (though it was produced for an apparent "ping" on 2-28-2020 when Plaintiff was 5,000 miles away in the land of Israel).

### Reason For Request

Defendants admitted to "pinging" Plaintiff's phone on said date yet no such information was ever provided Plaintiff during Plaintiff's preliminary fact finding in the form of lawful FOIL requests. The exact time of the "ping" is critically important to establish an actual timeline rather than the conclusory protestations of 'reasonableness' by Town Defendants because clearly the ping was intended to locate Plaintiff for an alleged 'welfare check' pursuant to NY State Mental Hygiene Law 9.41 and the exact time of that ping must be measured against the time of the recording to determine what, if anything Defendants can claim constituted "probable cause" in the first place.

### Question of Fact

The question of fact before this Court that Defendants must establish or

2

Plaintiff must refute and upon which this Court must adjudicate is what exactly was said; how it should be interpreted; and at what point did Town Defendants decide to take action. As a point of law, if the ping, for example took place after my initial discussion with dispatcher Zeus, than only the content of that brief call can be considered admissible in a probable cause determination because it would not have mattered what was said after as the determination to invade my privacy and implement a hygiene call and everything said after including any reference to "gun in my mouth" is irrelevant because by that time a determination had already been made. If it did not happen immediately after the alleged 'mishearing' of me saying "He risked my life. He might as well have stuck a gun in my mouth" the Defendants claim that I did not respond when Defendant Laschet said she was concerned that I said I wanted to shoot myself (to which I replied "I don't want to harm myself; I am in therapy" though the first part was inaudible), then Defendants claim that this was relevant is also moot as by then a determination had already been made. Finally if the ping was sent when Plaintiff made the only true threat of the entire call that was when Plaintiff said "Now I have to go get a Covid test. If I test positive I am gonna f***ing sue the police department" or even "I am going to go to the Sheriff" or "I want him charged with violating health laws" or any other threats of lawful action against George Mendez for recklessly endangering Plaintiffs life, this two will be consequential.

**Motion Request**

Based on the importance of this information which was never supplied Plaintiff through lawful pre-Section 1983 channels as stipulated in existing NY State Freedom of Information Laws, which in and of themselves may have been denied but due to the critical nature of this information in matters before this Court of

3

which this Court now holds jurisdiction, Plaintiff respectfully requests to move to subpoena the actual time stamped document that will prove the exact time Defendants determined that an expressly lawful and protected complaint would form the basis of what they allege to have been a mental hygiene detention. To be clear, the critical document here would be the actual outgoing time stamped document request (whether it was made via telephone; fax; or electronically via email or any other form).

      Plaintiff further moves as part of this request that Defendants clarify the exact start time of the call, down to the hundredth of a second that was submitted by Defendants to this Court as an Exhibit in their Motion to Dismiss submitted 10 February 2022.

      Plaintiff respectfully requests that this Court compel Defendants to produce this simple information no later than 25 January 2022 thus allowing Plaintiff two weeks to analyze and review before Motion in Opposition Deadline.

Dated:   Upper Nyack, New York

        13 January 2022

Respectfully,

*/S/ Ariel Barkai*

Cc:   All Parties Via ECF

4