UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ARIEL DAN BARKAI,

               Plaintiff,

       -against-

GEORGE MENDEZ, *et al.*,

               Defendants.

21-CV-4050 (KMK)

ORDER

KENNETH M. KARAS, United States District Judge:

    Plaintiff brought this pro se Action pursuant to 42 U.S.C. § 1983 ("§ 1983") on May 4, 2021.  (Dkt. No. 2.)  Plaintiff filed his Amended Complaint on June 1, 2022.  (Dkt. No. 68.)  On September 20, 2022, this Court denied in part and granted in part Defendants' Motion to Dismiss.  (Dkt. No. 82.)  On January 11, 2023, Plaintiff requested leave to amend the damages claim in his Amended Complaint.  (Dkt. No. 93.)

    Rule 15 of the Federal Rules of Civil Procedure reads: "The court should freely give leave [to amend a pleading] when justice so requires."  Fed. R. Civ. P. 15(a).  The Second Circuit has explained that "district judges should, as a general matter, liberally permit pro se litigants to amend their pleadings."  *Terry v. Incorporated Village of Patchogue*, 826 F.3d 631, 633 (2d Cir. 2016).

    This permissive approach to granting pro se litigants leave to amend their claims is not unbridled.  For example, "[t]he [C]ourt . . . has discretion to deny leave to amend 'where the motion is made after an inordinate delay, no satisfactory explanation is offered for the delay, and the amendment would prejudice' other parties."  *Grace v. Rosenstock*, 228 F.3d 40, 53–54 (2d Cir. 2000) (quoting *Cresswell v. Sullivan & Cromwell*, 922 F.2d 60, 72 (2d Cir. 1990)).  "Mere delay, however, absent a showing of bad faith or undue prejudice, does not provide a basis for a

district court to deny the right to amend." *Perez v. Escobar Constr., Inc.*, 342 F.R.D. 378, 381 (S.D.N.Y. 2022) (quoting *State Teachers Ret. Bd. v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir. 1981)).  The Second Circuit's instruction in *Terry* also makes plain that another limiting principle in permitting a pro se litigant to amend his pleadings is whether such an amendment is "futile."  826 F.3d at 633; *see also Dubai Islamic Bank v. Citibank, N.A.*, 256 F. Supp. 2d 158, 162 (S.D.N.Y. 2003) ("Leave to amend 'should not be denied unless there is evidence of undue delay, bad faith, undue prejudice to the non-movant, or futility.'" (quoting *Milanese v. Rust–Oleum Corp.*, 244 F.3d 104, 110 (2d Cir. 2001))).

"Permitting a plaintiff to amend and clarify the remedies sought does not risk any prejudice to the parties, who are already on notice of their suit and potential liability; for this reason, courts have repeatedly granted plaintiffs leave to amend pleadings solely regarding the relief sought."  *Barkai v. Nuendorf*, No. 21-CV-4060, 2022 WL 268100, at *2 (S.D.N.Y. Jan. 27, 2022) (citing *Aberra v. City of New York*, No. 18-CV-1138, 2020 WL 11772386, at *17 (S.D.N.Y. July 31, 2020) (recommending the district judge grant the plaintiff leave "to amend the [pleadings] to include additional allegations regarding his damages and remedies"), *report and recommendation adopted*, 2020 WL 11772387 (S.D.N.Y. Aug. 24, 2020); *Morris Builders, L.P. v. Fid. Nat'l Title Ins. Co.*, No. 16-CV-9114, 2017 WL 5032996, at *4 (S.D.N.Y. Nov. 2, 2017) ("Here, because the proposed amended complaint does not seek to add a new claim at all, only additional damages, at this stage the Court will permit plaintiff to amend the complaint to add the damages it claims it incurred . . . . Defendants may, however, challenge plaintiff's damages on a motion for summary judgment or at trial."); *Duling v. Gristede's Operating Corp.*, 265 F.R.D. 91, 106 (S.D.N.Y. 2010) (allowing class plaintiffs to amend their pleadings in order to modify forms of relief sought because doing so would not be futile)).

Accordingly, because courts in this Circuit are instructed to liberally permit pro se litigants to amend their pleadings and the amending of damages claims alone does not create undue prejudice, this Court grants Plaintiff's request for leave to amend the damages requested in his Amended Complaint.  *See Barkai*, 2022 WL 268100, at *3 (granting plaintiff's "second motion to modify or clarify the relief sought" because it did "not prejudice Defendants, who are already aware of the facts and claims at issue").  Plaintiff must file his Second Amended Complaint no later than February 27, 2023.

SO ORDERED.

Dated:   January 27, 2023
         White Plains, New York

                                              KENNETH M. KARAS
                                              United States District Judge