UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X

ARIEL DAN BARKAI,

                Plaintiff,

-against-                         **ORDER**

                                                   21 Civ. 04050 (KMK)(JCM)

GEORGE MENDEZ,

                Defendant.

------------------------------------------------------X

        Presently before this Court is *pro se* plaintiff Ariel Barkai's ("Plaintiff") application for the appointment of *pro bono* counsel to assist with depositions and permission to serve interrogatories. (Docket No. 101).

        Although there is no constitutional right to counsel in civil cases, the Court has the authority to appoint an attorney for any person unable to afford counsel. 28 U.S.C. § 1915(e)(1). However, the Court has "[b]road discretion" in determining "whether to appoint counsel pursuant to this provision." *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986) (citation omitted). The Court should undertake a two-step inquiry in analyzing whether appointment of counsel is appropriate. *See Ferrelli v. River Manor Health Care Ctr.*, 323 F.3d 196, 203 (2d Cir. 2003). First, the Court should "determine whether the indigent's position seems likely to be of substance." *Id.* (quoting *Hodge*, 802 F.2d at 61). Second, the Court should consider other factors such as Plaintiff's "ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented [to the fact finder], the indigent's ability to present the case, the complexity of the legal issues and any special reason . . . why appointment of counsel would be more likely to lead to a just determination."

1

*Ferrelli*, 323 F.3d at 203–04 (quoting *Hodge*, 802 F.2d at 61–62). As the Court "does not have a panel of attorneys who can be compelled to take on civil cases pro bono, and does not have the resources to pay counsel in civil matters, the appointment of counsel is a rare event." *Ramey v. Dep't of Corr. (NYDOCS)*, No. 13-Civ-17 (CM), 2013 WL 1867342, at *1 (S.D.N.Y. May 2, 2013).[1]

Upon review of the record, the Court notes that Plaintiff was granted leave to proceed *in forma pauperis*. (Docket No. 5). The Court further assumes for the purposes of this application that Plaintiff's claims may have merit. However, the Court finds that this case does not present any complex issues and observes that Plaintiff has thus far demonstrated an ability to represent himself. Thus, the Court is not persuaded that appointment of counsel is warranted at this time. Accordingly, Plaintiff's application for appointment of counsel is denied with leave to renew should circumstances change. *Ramey*, 2013 WL 1867342, at *1-2.

Furthermore, Plaintiff may serve interrogatories pursuant to Rule 33 of the Federal Rules of Civil Procedure, and must do so by March 10, 2023.

Dated: February 24, 2023
      White Plains, New York

**SO ORDERED:**

_____
JUDITH C. McCARTHY
United States Magistrate Judge

---

[1] If Petitioner does not have access to cases cited herein that are available only by electronic database, then he may request copies from Defendant's counsel. *See* Local Civ. R. 7.2 ("Upon request, counsel shall provide the pro se litigant with copies of such unpublished cases and other authorities as are cited in a decision of the Court and were not previously cited by any party.").