UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

ARIEL DAN BARKAI, *pro se*,

                Plaintiff,

    -against-

GEORGE MENDEZ, *et al.*,

                Defendants.
-------------------------------------------------------------X

**ORDER**

21 Civ. 4050 (KMK) (JCM)

Ariel Dan Barkai ("Plaintiff"), proceeding *pro se*, brought this action pursuant to 42 U.S.C. § 1983 against several members of the Clarkstown Police Department ("Defendants") for allegedly violating his constitutional rights by, *inter alia*, taking him into custody after executing a mental health check. (*See generally* Docket No. 68).

Before the Court are Plaintiff's letter motion to: (1) attend the deposition of non-party Ayelet Barkai, M.D. ("Dr. Barkai"); (2) compel Defendants to conduct Dr. Barkai's deposition by video or otherwise provide Plaintiff with a video link to the deposition; and (3) "be allowed to make the most relevant fact clear to her" at the deposition, "or the entire deposition will be tainted." (Docket No. 135). The Court will address each of Plaintiff's requests in turn.

First, Plaintiff is entitled to attend Dr. Barkai's deposition. The Local Civil Rules of the Southern and Eastern Districts of New York ("LCvR") specifically provide that "[a] person who is a party in the action may attend the deposition of a party or witness." LCvR 30.3. Second, the Court declines to compel Defendants to depose Dr. Barkai by video. Defendants are entitled to determine the method through which they will depose Dr. Barkai. However, Defendants are directed to make arrangements for Plaintiff to attend the deposition, either by video link or by telephone.

Third, Plaintiff's request that at the time of the deposition he be allowed to "inform" Dr. Barkai of "facts before she is deposed" is denied. (*See* Docket No. 135). "The Local Civil Rules concerning depositions are designed to insure [sic] that deposition testimony 'is completely that of the deponent[.]'" *See, e.g.*, *Musto Transp. Workers Union of Am., AFL-CIO*, No. 03-CV-2325 (DGT)(RML), 2009 WL 116960, at *2 (E.D.N.Y. Jan. 16, 2009) (quoting *Hall v. Clifton Precision*, 150 F.R.D. 525, 527 (E.D. Pa. 1993).[1] Consequently, it is not proper for Plaintiff to "coach" or otherwise influence Dr. Barkai's deposition testimony. *Cf Pape v. Suffolk Cnty. Soc'y for Prevention of Cruelty to Animals*, 20-cv-01490 (JMA) (JMW), 2022 WL 1105563, at *4 (E.D.N.Y. Apr. 13, 2022) ("[opposing] counsel has the right to ask about matters that may have affected or changed the witness's testimony … particularly [] where there are claims of improper interference or coaching…").

Plaintiff is further directed not to disrupt the deposition of Dr. Barkai. "A successful [deposition] process requires Parties, attorneys, and witnesses participating in depositions to conduct themselves with civility and decency." *Gavrity v. City of N.Y.*, No. 12–CV–6004 (KAM)(VMS), 2014 WL 4678027, at *5 (E.D.N.Y. Sept. 19, 2014). Consequently, Plaintiff should refrain from—among any other disruptive behavior—raising speaking objections, debating with Defendants about the underlying facts of his case, or interrupting counsel's questions or the witness's answers. Any objections by Plaintiff "should be stated simply as 'objection[.]'" *Morales v. Zondo, Inc.*, 204 F.R.D. 50, 54 (S.D.N.Y. 2001) (sanctioning counsel for "disruptions" during a deposition, including "instructions how to answer, colloquies, interruptions, and ad hominem attacks," which "disrupted the examination … and protracted the

---

[1] If Plaintiff does not have access to cases cited herein that are available only by electronic database, then he may request copies from Defendants' counsel. *See* LCvR 7.2 ("Upon request, counsel shall provide the pro se litigant with copies of such unpublished cases and other authorities as are cited in a decision of the Court and were not previously cited by any party.").

length of the deposition"); *see also* Fed. R. Civ. P. 30(d)(2) ("The court may impose the appropriate sanction … on a person who impedes, delays, or frustrates the fair examination of a deponent.").

For the foregoing reasons, Plaintiff's motion is granted in part and denied in part. Plaintiff is entitled to attend Dr. Barkai's deposition. Plaintiff's request to compel Defendants to depose Dr. Barkai by video is denied. Defendants are, however, directed to arrange for Plaintiff to attend the deposition by video or telephone. Plaintiff is ordered to refrain from any disruptive behavior at the deposition, such as informing Dr. Barkai of "the most relevant point," raising speaking objections, debating with Defendants about the underlying facts of his case, or interrupting counsel's questions or the witness's answers.

Dated: May 19, 2023
White Plains, New York

**SO ORDERED:**

_____
JUDITH C. McCARTHY
United States Magistrate Judge